JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Joelle New, Administrator of the Estate of Jamie Overstreet

## DEFENDANTS
The City of Columbus, et al

**(b)** County of Residence of First Listed Plaintiff: Franklin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Franklin
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Isaac Tom Monah

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | [x] 440 Other Civil Rights / **Habeas Corpus:** | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 US Code Section 1331

Brief description of cause:
Claim for Unconstitutional Seizure

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 25000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JOELLE NEW, ADMINISTRATOR OF THE ESTATE OF JAMIE OVERSTREET** <br> c/o Shaut Monah Law <br> 20600 Chagrin Blvd, Ste 470 <br> Shaker Heights, OH 44122 <br><br> Plaintiff <br><br> vs. <br><br> **THE CITY OF COLUMBUS** <br> c/o of the Law Department <br> 90 West Broad Street <br> Columbus, Ohio 43215 <br><br> **OFFICER JOHN DOE #1** <br> c/o of the Chief of Police, Elaine Bryant <br> 120 Marconi Blvd. <br> Columbus, OH 43215 <br><br> **OFFICER JOHN DOE #2** <br> c/o of the Chief of Police, Elaine Bryant <br> 120 Marconi Blvd. <br> Columbus, OH 43215 <br><br> Defendants | CASE NO: <br><br> JUDGE: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Joelle New, as Administrator of the Estate of Jamie Overstreet, by and through Attorneys Isaac Tom Monah, Esq., and Terry H. Gilbert, Esq., and for her complaint states as follows:

### INTRODUCTION

1. This is a civil rights action. On August 23, 2023, an unknown officer, officer John Doe #1, unjustifiably shot and killed Jamie Overstreet ("Mr. Overstreet") in Columbus, Ohio.

2. As a result of this unnecessary shooting which caused the death of Jamie Overstreet, Overstreet's children have been left fatherless.

3. This is also a wrongful death action on behalf of the Estate of Jamie Overstreet. This action seeks liability for the reckless and unnecessary police conduct that violated Jamie Overstreet's Federal and State Constitutional rights which proximately caused his tragic and needless death.

## JURISDICTION & VENUE

4. The Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 *et seq.*; the Judicial Code, §§ 1331 and 1343(a); and the Constitution of the United States, and supplemental jurisdiction of the State of Ohio regarding the state law claims herein.

5. Venue is proper in this District under 28 U.S.C. § 1391(b). The parties reside, or, at the time the events took place, resided in this judicial district, and the events giving rise to Plaintiff's claims also occurred in this judicial district.

## PARTIES

6. Plaintiff Joelle New was appointed administrator of the Estate of Jamie Overstreet, deceased, by the Probate Division of the Common Pleas Court of Franklin County, Ohio, Case No. 630238. Joelle New is a resident of Franklin County, Ohio.

7. Defendant Officers John Doe #1 and John Doe #2 were, at all times relevant to the allegations made in this Complaint, duly-appointed police officers employed by the City of Columbus acting within the scope of their employment and under the color of law.

8. Defendant City of Columbus, Ohio, is a municipality duly incorporated under the laws of Ohio and is the employer and principal of Defendant officers John Doe #1 and John Doe #2, as referred to in this Complaint.

## FACTS

9. Jamie Overstreet was a 36-year-old African-American man and a father.

10. On August 23, 2023, at approximately 9:00 P.M., Worthington Police received a call notifying them that Mr. Overstreet was in violation of a protection order, a misdemeanor.

11. Worthington Police notified Columbus Police to be on the lookout for Mr. Overstreet as they had reason to believe he was going to try to go to the home of J. N., his estranged wife.

12. Officers of the Columbus Police Department arrived at the 1100 block of Rendezvous Lane where they encountered Mr. Overstreet attempting to leave the area in his vehicle.

13. The police unsuccessfully attempted to pull over his vehicle and decided to pursue him.

14. After a brief chase, Columbus Police were ordered to cease the chase. Soon thereafter, the police helicopter spotted and followed Mr. Overstreet's vehicle from the air. Columbus Police then resumed the chase.

15. Soon thereafter, Mr. Overstreet crashed his vehicle near Parsons Avenue and Corr Road, but Mr. Overstreet continued on foot, followed by Columbus Police officers who were close behind.

16. The Body Camera footage shows Columbus Police officers begin pursuit of Mr. Overstreet on foot at the Marion Square Apartments, where they encounter him continuing his attempt to get away from the officers.[1]

---

[1] Available body camera footage can be seen at this link, showing Mr. Overstreet running away as he is repeatedly shot in the back by a Columbus Police Officer: https://www.dispatch.com/videos/news/crime/2023/08/25/body-cam-footage-video-shows-fatal-police-shooting-south-side/8374739001/

17. In the video, Defendant officer John Doe #2 separates from Defendant officer John Doe #1 (the officer whose body camera is recording) to pursue Mr. Overstreet down a path between the apartment buildings.

18. As this happens, Defendant John Doe #1 placed himself beside a parked vehicle parallel to the path Mr. Overstreet began to go down.

19. The officers commanded Mr. Overstreet to "stop" and "freeze."

20. Mr. Overstreet is seen jogging away from the officers with his back completely turned to them.



21. At this time, one of the unknown John Doe Officers yells "he's got a gun!"

22. The officers did not command Mr. Overstreet to drop the gun or otherwise warn him that he would be shot.

23. Barely one second passes before Defendant John Doe #1, still located beside the parked vehicle approximately 30 feet behind Mr. Overstreet, fires his gun at him at least five (5) times, all whilst Mr. Overstreet is continuing to jog away, with his back completely turned to the shooting officer.

24. Mr. Overstreet, without giving any attention to the officers, can be seen continuing to jog away from the officers as Defendant John Doe #1 fired shots toward him.



25. Mr. Overstreet was shot directly in his upper-right back meaning that he was heading away from the officers. Only one officer, Defendant John Doe #1, fired his weapon.

26. The bullet that entered through Mr. Overstreet's upper-right back resulted in his death shortly after.

27. Defendant John Doe #1's body camera captured the video of the shooting of Mr. Overstreet which did not show any attempt by Mr. Overstreet to brandish, point a gun or threaten the officers in any way.

28. Mr. Overstreet, as shown in the video, did not pose a threat of death or great bodily harm to the officers, nor did he take any action justifying the immediate use of deadly force against him.

29. The alleged violation of a protective order, a misdemeanor, nor the mere possession of a firearm, did not lawfully justify the use of deadly force against Mr. Overstreet, nor would an objectively reasonable officer use excessive force under the totality of these circumstances.

30. The unlawful conduct and excessive deadly force proximately caused conscious pain and suffering before Mr. Overstreet succumbed to death and consequently left his children without their father for the remainder of their lives.

31. Defendant John Doe #2 was present when Defendant John Doe #1 began firing his weapon at Mr. Overstreet, but did not intervene to protect Mr. Overstreet from the excessive force used against him by Defendant John Doe #1.

32. Mr. Overstreet's young children are devastated by his loss and have been unable to reconcile with his death, further straining the hardship his family is facing.

33. As a direct and proximate result of Defendant officers' unconstitutional and reckless conduct, Jamie Overstreet's life has been unnecessarily cut short.

## FIRST CLAIM FOR RELIEF:
## 42 U.S.C. § 1983 Claim for Unconstitutional Seizure

34. Plaintiff repeats and realleges the allegations contained in the preceding as if they were fully set out here.

35. The actions of Defendant officer John Doe #1, as alleged in the preceding paragraphs, violated Jamie Overstreet's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment to the United States Constitution, and caused the injuries and death alleged in this Complaint.

36. Jamie Overstreet was subjected to the use of excessive force in violation of his Fourth Amendment rights.

37. Defendant John Doe #1's actions as alleged in this count of the Complaint were the direct and proximate cause of the constitutional violations set forth.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Failure to Intervene
### (Against Defendant John Doe #2 in his individual capacity)

38. Plaintiff repeats and realleges the preceding and foregoing allegations as if fully set forth herein.

39. The actions of Defendant John Doe #2, as alleged above, violated Mr. Overstreet's rights under the Fourth Amendment to the United States Constitution by failing to protect him from the application of unconstitutional excessive force to his person.

40. Defendant John Doe #2 had the duty, opportunity, and the obligation to intervene to protect Mr. Overstreet and to prevent the use of excessive force against him, yet he did nothing to assist him or prevent the force meted out by Defendant John Doe #1.

41. The failure to intervene violated Mr. Overstreet's Fourth and Fourteenth Amendment rights.

42. Defendant John Doe #2's actions as alleged in this count of the complaint were the direct and proximate cause of the constitutional violations set forth above and of Mr. Overstreet's fatal injuries.

## THIRD CLAIM FOR RELIEF
### 42 U.S.C. § 1983 *Monell* Claim against Defendant City of Columbus

43. Plaintiff repeats and realleges the preceding and foregoing allegations as if fully set forth herein.

44. At all times material hereto, Defendants were employees and/or agents of Defendant City of Columbus, acting within the course and scope of their employment, and in furtherance of the interest of Defendant City of Columbus, and with Defendant City of Columbus' consent.

45. The actions of the individual Defendant officers, as alleged above, were taken pursuant to one or more interrelated de facto policies (even if not official written edicts), practices and/or customs of civil rights violations and unconstitutional practices of the City of Columbus and the Columbus Division of Police.

46. The City of Columbus, at all times relevant herein, approved, authorized, and acquiesced in the unlawful and unconstitutional conduct of its respective employees and/or agents and consequently is directly liable for the acts of those agents, pursuant to 42 U.S.C. § 1983.

47. Despite the facts and circumstances surrounding this shooting which clearly demonstrate that the actions of the Defendant officers were unreasonable and unlawful, upon information and belief, the City of Columbus failed to effectively investigate or impose any discipline on the Defendant officers for their illegal behavior.

48. At all times relevant, Defendant City of Columbus and the Columbus Division of Police had interrelated de facto policies, practices, and customs which included, *inter alia*:

   a. the failure to properly hire, train, supervise, discipline, transfer, monitor, counsel and/or otherwise control their police officers who engage in the unjustified use of excessive and unreasonable force;

   b. the failure to properly investigate the use of excessive and unreasonable force against civilians;

   c. the failure to properly discipline, supervise, monitor, counsel and otherwise control police officers who engage in unjustified use of excessive and unreasonable force;

   d. the failure to properly train and supervise police officers to operate within the bounds of the constitution, particularly in regard to seizures and the use of deadly force;

   e. the failure to properly train, monitor, counsel, discipline, and or otherwise control City of Columbus Police officers with regard to, *inter alia*, training to recognize when a situation may warrant the use of deadly force per Columbus Police Division

Directives for the use of deadly force; and, as to the directive for providing warnings prior to the use of deadly force.

49. The aforementioned de facto policies, practices, and customs of the Columbus Division of Police include acts of excessive use of force and other willful, wanton, and/or reckless behavior leading to harmful consequences to citizens.

50. The Columbus Division of Police has engaged in little or no meaningful investigation or disciplinary action in response to the misconduct of their officers, thereby creating a culture or climate where members of the police department can escape their acts of misconduct with impunity.

51. This pattern of indifference by the City of Columbus was the moving force behind the conduct of the Defendant officers in their use of excessive force against Jamie Overstreet – who did not present a threat to Defendant John Does when Defendant John Doe #1 fired his gun at Mr. Overstreet whilst he was fleeing. This event is not an isolated incident of unconstitutional policing from the City of Columbus by its officers.

52. The de facto policies, practices and customs of failing to hire, train, supervise, monitor, discipline, transfer, counsel and/or control police misconduct and the use of unjustified excessive force are interrelated and exacerbate the effects of each other, fostering a de facto policy whereby Columbus police officers are more haphazard in their decision to resort to the use of deadly force when it may not be justified, and furthering a culture where members of the police can and do escape any consequences for such use of force with impunity.

53. That the unconstitutional actions of the Defendants as alleged in this complaint were part and parcel of a widespread municipal policy, practice, and custom is further established by the involvement in, and ratification of, these acts by municipal supervisors and

policymakers, as well as by a wide range of other police officials, officers, and divisions or units of the Columbus Division of Police.

54. The policies, practices and/or customs alleged in this complaint, separately and together, are the proximate cause of the injuries to Jamie Overstreet and his heirs and next of kin because Defendants had good reason to believe that their misconduct would not be revealed or reported by fellow officers or their supervisors, and that they were immune from disciplinary action, thereby protecting them from the consequences of their unconstitutional conduct.

55. But for the belief that they would be protected – both by fellow officers and by the Columbus Division of Police – from serious consequences, the Defendant officers would not have engaged in the conduct that resulted in the injuries to Jamie Overstreet and his heirs and next of kin.

56. Defendant City of Columbus has a policy, practice and custom of conspiring to interfere with and to deprive Plaintiffs of their causes of action by allowing suspect officers unreasonable and harmful concessions during investigations of police-involved shootings.

57. The policies, practices and customs described above have been the subject of civil rights investigations, previous lawsuits and have been well known within the Columbus community for many years. These policies, practices and customs have been perpetuated by Defendant officers John Does #1 and #2, policymakers, and those responsible for hiring, training and supervision of police officers within the City of Columbus who have all acted negligently, recklessly, intentionally, knowingly and with deliberate indifference to the serious safety needs of the people of Columbus, including Mr. Jamie Overstreet.

58. The interrelated policies, practices and customs, as alleged in this complaint, individually and together, were maintained and implemented with deliberate indifference, and

encouraged the Defendant officers to commit the acts alleged in this complaint against Jamie Overstreet.

59. The City of Columbus therefore acted as the moving force behind and the direct and proximate causes of the violations of Jamie Overstreet's constitutional rights and all injuries and damages suffered by him and his heirs and next of kin.

60. Further evidence of such de facto policies, practices, and customs is in the possession and control of Defendant City of Columbus.

## FOURTH CLAIM FOR RELIEF
### State Law Wrongful Death Claim Pursuant to Ohio R.C. § 2125.02

61. Plaintiff repeats and realleges the preceding and foregoing allegations as if fully set forth herein.

62. Defendant officers John Doe #1 and John Doe #2 willfully, wantonly, recklessly, negligently, intentionally, and maliciously caused the wrongful death of Jamie Overstreet.

63. As a direct and proximate result of Defendants' actions as alleged in this Complaint, Jamie Overstreet died of the gun shot would inflicted by Defendant John Doe #1 on August 23, 2023, subjecting him to liability pursuant to O.R.C. § 2125.

64. Decedent is survived by his heirs, who are represented by Plaintiff in this action. Decedent's heirs have suffered pecuniary loss, loss of decedent's aide, comfort, society, companionship, guidance, and protection, and have otherwise suffered damages to their detriment.

## FIFTH CLAIM FOR RELIEF
### State Law Claim for Survivorship

65. Plaintiff repeats and realleges the preceding and foregoing allegations as if fully set forth herein.

66. As administrator of the Estate of the Decedent, Plaintiff brings this action for the injuries and damages to Jamie Overstreet prior to his death for the benefit of his Estate.

67. As a result of the aforementioned willful, wanton, reckless, negligent, intentional, and malicious conduct of Defendant officers John Doe #1 and John Doe #2, Jamie Overstreet suffered the injuries described in the above paragraphs.

### SIXTH CLAIM FOR RELIEF
### State Law Claim for Negligence—Reckless Conduct

68. Plaintiff repeats and realleges the above allegations as if fully set forth in herein.

69. At all times relevant herein, Defendant officers John Doe #1 and John Doe #2 had a duty to the public at large, including decedent Jamie Overstreet, to exercise due care and to act in a lawful and reasonable manner and to not act in a willful, wanton, reckless, negligent, intentional, and malicious manner.

70. Defendants owed Jamie Overstreet a duty of care, they breached that duty, and this breach of duty was the direct and proximate cause of Jamie Overstreet's suffering and death.

71. Defendants acted negligently and recklessly when they violated their duty to exercise due care for Jamie Overstreet.

72. At all times relevant herein, Defendants knew or should have known that their conduct would or could cause serious physical injury to Jamie Overstreet and they disregarded that knowledge.

73. Defendants' conduct directly and proximately caused the injuries and damages suffered by Jamie Overstreet, his Estate, and his beneficiaries as described above.

### SEVENTH CLAIM FOR RELIEF
### State Law Claim for Intentional Infliction of Emotional Distress

74. Plaintiff repeats and realleges the above allegations as if fully set forth herein.

75. Defendant officer John Doe #1 engaged in extreme and outrageous behavior as alleged in this Complaint.

76. Defendant John Doe #1 intended such conduct to inflict severe emotional distress upon Jamie Overstreet and his heirs. Defendant John Doe #1 knew his conduct would cause Jamie Overstreet and his family severe and serious emotional distress, which was of a nature that no reasonable person could be expected to endure.

77. Defendant John Doe #1's conduct did, in fact, cause such distress, and as a direct and proximate result of his outrageous conduct, Jamie Overstreet and his Estate were injured and suffered actual damages.

### EIGHTH CLAIM FOR RELIEF
### State Law Claim for Assault and Battery Against Defendant John Doe #1

78. Plaintiff repeats and realleges the allegations contained in the preceding as if they were fully set out here.

79. The conduct of Defendant officer John Doe #1 with respect to Jamie Overstreet created within him the apprehension of an imminent, harmful, and offensive touching and constituted a harmful and offensive touching, knowingly and without legal Justification.

### PRAYER FOR RELIEF:

Plaintiff demands that judgment be entered in their favor on all counts and prays for the Court to award the following relief:

    a.    Declaratory and injunctive relief against the City of Columbus and the Columbus Division of Police enjoining policies, practice, and customs shown to encourage the use of excessive and unreasonable force and the extrajudicial shooting of civilians, and to establish appropriate changes in policies, procedures, and training to prevent such actions as alleged in this Complaint from occurring in the future.

    b.    An award of actual and/or compensatory damages to be determined at trial;

    c.    An award of punitive damages in an amount to be determined at trial; and an award of such other and further relief as the Court may deem just and proper

**TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing complaint was filed with this Court by the Court's electronic filing system on this 8th day of May, 2024.

Respectfully submitted,

SHAUT MONAH LAW OFFICE

*/s/ Isaac Tom Monah*
Isaac Tom Monah (0098789)
Michael Shaut (0014900)
Terry Gilbert ((0021948)
*Attorneys for Plaintiff Joelle New*
20600 Chagrin Blvd, Suite 470
Shaker Heights, OH 44122
Phone: (216) 471-8489
Fax: (216) 752-0042
Email: tom@shautlaw.com.
          mike@shautlaw.com.
          terr@fggfirm.com.