IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOELLE NEW, ADMINISTRATOR OF
THE ESTATE OF JAMIE OVERSTREET,

    Plaintiff,

v.

THE CITY OF COLUMBUS, et al.,

    Defendants.

Case No. 2:24-cv-2253

Judge Sarah D. Morrison

Magistrate Judge Kimberly A. Jolson

**DEFENDANT CITY OF COLUMBUS'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO DEFER RESOLUTION OF CITY OF COLUMBUS'S MOTION TO DISMISS**

    Plaintiff Joelle New brought a 42 U.S.C. § 1983 claim against the City of Columbus (the "City")—a so-called *Monell* claim—without a good faith basis to do so.  Now, confronted with that fact, and without citing a single case supporting her position, Ms. New asks this Court to allow her "adequate time […] to seek limited discovery on the *Monell* issue" so she can "address any factual inadequacy of the factual sufficiency of the pleadings."  (Motion to Defer Resolution of Defendant City of Columbus' Motion to Dismiss, ECF No. 11 (the "Motion to Defer"), at 2.)

    In other words, Ms. New seeks to take discovery in the hope that it would reveal something to allow her to amend her already filed *Monell* claim to make it viable.  There is a reason she cites no case authorizing such relief—it is not permitted.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 […] does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").  Ms. New's explanations for why she filed a *Monell* claim without a good faith basis to do so—a purported "statute of limitations dilemma" and a purported inability to get the necessary information from the City—are both specious.  Ms. New's motion for discovery should

be denied and briefing should continue on the City's motion to dismiss her now admittedly baseless *Monell* claim.

### I. Ms. New Must Sufficiently Plead a *Monell* Claim in Order to Take Discovery on that Claim—Not the Other Way Around.

As this Court has recognized, it is "Plaintiffs['] burden to plead sufficient facts in the Complaint to state a claim for relief. Plaintiffs may not make conclusory allegations in a Complaint and use discovery as a fishing expedition in an attempt to find support for allegations already made." *Martin v. Zariwala*, No. 2:18-cv-270, 2018 U.S. Dist. LEXIS 1720111, *7 (S.D. Ohio Oct. 4, 2018); *see also In re Flying J Rebate Contract Litigat.*, No. 14-2515, 2014 U.S. Dist. LEXIS 98365, *1 (E.D. Ky. Jul. 21, 2014) ("Because a plausible complaint is a condition precedent to discovery, the plaintiffs may not use the discovery process to construct an adequate complaint.").

The fact that this Court, and other trial courts, have so held is a direct result of clear and consistent rulings from the United States Supreme Court and the Sixth Circuit on this issue. As the United States Supreme Court clearly indicated, "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Since then, the Sixth Circuit has repeatedly found that *Iqbal* "do[es] not permit a plaintiff to proceed past the pleading stage and take discovery in order to cure a defect in a complaint." *Patterson v. Novartis Pharms. Corp.*, 451 Fed.App'x 495, 498 (6th Cir. 2011); *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) ("A plaintiff is not entitled to discovery before a motion to dismiss"). The Sixth Circuit has explicitly applied this general principle to *Monell* claims asserted under Section 1983. *Kovalchuck v. City of Decherd*, 95 F.4th 1035, 1041 (6th Cir. 2024) (holding, in affirming the dismissal of a *Monell* claim, that "a plaintiff

2

cannot use discovery to bridge the gap between a deficient pleading and the possibility that a claim might survive upon further investigation."). In *Monell* cases, as in all cases, "a plaintiff is not entitled to discovery to determine whether a claim can survive past the pleading stage." *Id.*

The Court must rule on the City's Motion to Dismiss unless Ms. New seeks leave to amend her Complaint consistent with whatever she currently has a good faith basis to allege. She has not done so, and thus briefing on that Motion should continue. In the absence of "a motion to amend the complaint prior to the Court's consideration of the motions to dismiss and […] a memorandum identifying the proposed amendments […] Defendant was entitled to a review of the complaint as filed pursuant to Rule 12(b)(6)." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004) (internal citation omitted), *abrogated on other grounds* by *Frank v. Dana Corp.*, 646 F.3d 954 (6th Cir. 2011); *see also Fedorova v. Foley*, No. 1:22-cv-991, 2023 U.S. Dist. LEXIS 154583, *16 (W.D. Mich. Aug. 31, 2023) (granting dismissal *with prejudice* when a plaintiff failed to "attach an amended complaint or indicate what additional facts she intends to plead.").

Ms. New specifically asks this Court to "defer the resolution of [the City's Civil Rule] 12(b)(6) motion" and to "order the City to respond to limited discovery relevant to the *Monell* claim." She admits that she has no factual basis for her claims, but seeks to engage in discovery to help her buttress her insufficiently pled claim. (Motion to Defer, at 2 ("The only way to provide the factual support – defendants argue are lacking – is to defer the resolution of the motion to dismiss and order the City to respond to limited discovery relevant to the *Monell* claim.").) But that puts the cart before the horse. To be entitled to take discovery on her *Monell* claim, Ms. New must sufficiently plead that claim. She has not.

Ms. New claims "[t]he fair remedy" is to allow limited discovery on the *Monell* claim, or to bypass Civil Rule 12 by not ruling on the City's Motion to Dismiss until "the summary judgment

3

stage," or for her to supplant this Court's review of the Complaint as she chose to plead it by allowing her "to voluntarily dismiss the *Monell* claim after the plaintiff has received the relevant discovery and assesses whether the claim can be supported." (*Id.* at 3.) Any of these proposed remedies would render Civil Rule 12(b)(6), the "very purpose of" which "is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery," entirely superfluous. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (internal citation omitted); *Kolley*, 725 F.3d at 587 ("Rule 12(b)(6) helps protect defendants from expending resources on costly discovery."). Ms. New points to Fed. R. Civ. P. 12(i) and argues that the Court can defer ruling on the City's Motion to Dismiss until trial. (Motion to Defer, at 5.) But that does not mean that the Court should do so, and Ms. New cites no authority to suggest that that provision has ever been invoked to delay a ruling on a motion to dismiss to allow a party to engage in discovery to try to buttress insufficient allegations. It is patently unfair and prejudicial to force the City to expend resources responding to discovery requests related to a *Monell* claim that is not supported by plausible allegations. Instead, rather than allow Ms. New's *Monell* claim to survive on Plaintiff's pure speculation that it *might* be supported through discovery, that claim should be dismissed now without prejudice. If, at some future date, Ms. New has a good faith basis to assert a *Monell* claim, she can do so then.

## II. Ms. New's Claim of a "Statute of Limitations Dilemma" is Nothing More Than a Red Herring.

Ms. New's first excuse for the insufficiency of her *Monell* allegations is that she had to file her claim when she did because she was "confronted with a potential statute of limitations dilemma." (Motion to Defer, at 3.) This is patently false. Because there is no generally applicable statute of limitations for Section 1983 claims, courts look to state law to determine the applicable statute of limitations. As a result, "the Sixth Circuit has held that a two-year statute of limitations

4

applies to § 1983 claims in Ohio." *Waseleski v. City of Brooklyn*, No. 1:23-cv-00548, 2024 U.S. Dist. LEXIS 74183, *16 (N.D. Ohio Apr. 24, 2024) (citing *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007)). That statute of limitations applies to *Monell* claims, including those for "Unconstitutional Custom/Policy" and "Municipal Failure to Train." *Id.* at *17. The police-involved shooting described in the Complaint occurred on August 23, 2023. (Motion to Defer, at 2.) Thus, the applicable statute of limitations for Ms. New's *Monell* claim is August 23, 2025, but she filed her Complaint May 8, 2024—more than 15 months before the expiration of the applicable statute of limitations. (*Id.* at 1.)

Because there is no imminent statute of limitations issue, Ms. New's claim to immediately "need[] the names" of the involved Columbus Division of Police officers "to seek disciplinary complaints to determine if there are patterns of excessive force or other policy violations" rings hollow. As Ms. New notes, such names are often withheld, in response to public records requests, based on Ohio's Marsy's Law statute. (Motion to Defer, at 4.) Furthermore, Ms. New acknowledges that "[t]here are two pending Ohio Supreme Court cases challenging the refusal to disclose police officers' names based on Marcy's [sic] law." (*Id.*) Ms. New goes on to claim that this Court, notwithstanding Ohio's Marsy's Law, "can order the disclosures of the identities of the police officers in this case." (*Id.*) But she offers no explanation as to how or why this Court should decide a novel issue of state law, currently pending before the Ohio Supreme Court, more than 12 months before the statute of limitations expires for her purported claim. Furthermore, to the extent that Ms. New claims to be aggrieved by a purportedly insufficient response to a public records request under Ohio law, this Court is not the appropriate forum in which to adjudicate that dispute, nor is the City the proper party with which to dispute a response from a State of Ohio agency. (Motion to Defer, at 3 (references public records requests).)

5

### III. Ms. New's Failure to Sufficiently Plead Her *Monell* Claim is Not Attributable to the City.

To sufficiently allege a *Monell* claim, a plaintiff "needs to plausibly allege facts upon which the Court could rely to conclude that an official policy or custom resulted in the violation of her constitutional rights." *Givens v. Shadyside Police Dep't*, No. 2:22-cv-04252, 2023 U.S. Dist. LEXIS 67333, *4 (S.D. Ohio Apr. 17, 2023). Ms. New acknowledges this, noting the "factual limitations" imposed on her in alleging a claim under *Iqbal*. (Motion to Defer, at 3.)

Ms. New has not done so—a fact she does not seriously contest. Ms. New refers to the allegations in Paragraph 48 of her Complaint as supporting her *Monell* claim, but admits that that paragraph only "summarized" the "various elements" of a *Monell* claim in conclusory fashion, and does not contain any facts in support of that claim. (Motion to Defer, at 2; Complaint, ¶¶ 48.) Indeed, Ms. New fails to identify a single instance or example of what she alleges was a "failure[] to train officers in the proper use of deadly force, failure to supervise officers, failure to properly investigate incidents of deadly force by their officers, and the failure to discipline police officers who commit excessive force against citizens." (Motion to Defer, at 2.) These allegations are insufficient to state a claim upon which relief can be granted. *See generally Stager v. Hanshaw*, No. 1:23-cv-120, 2024 U.S. Dist. LEXIS 65522 (Apr. 10, 2024); *Layne v. Thouroughman*, No. 1:23-cv-702, 2024 U.S. Dist. LEXIS 109341 (S.D. Ohio June 20, 2024).

After admitting that her factual allegations are insufficient, Ms. New tries to blame the City for the insufficiency of her pleadings, claiming that the "materials needed to satisfy the requirements of *Monell* are under the control of the City of Columbus" and specifically claims she does not have access to the Division of Police's policies and procedures. (Motion to Defer, at 3.) That claim—while irrelevant as noted above—is also untrue. First, Ms. New herself admits that it is the Ohio Bureau of Criminal Investigation ("BCI") and not the Columbus Division of Police

6

that is investigating the police-involved shooting incident described in the Complaint. (Motion to Defer, at 3.) BCI is an agency of the State of Ohio, over which the City has no control. Second, the policies and procedures of the Columbus Division of Police, including the use of force policy, are readily available on the City's website and can be located through a Google search for "Columbus Police use of force policy." *See* Columbus Police Division Directive, Use of Force (as revised June 30, 2023), available at https://www.columbus.gov/files/sharedassets/city/v/2/public-safety/police/directives/divisiondirective2.01.pdf. Third, all prior civil and criminal cases against any member of the Columbus Division of Police, along with the resolution of those cases, are readily available either through PACER or through the online docket of the Franklin County Court of Common Pleas. The due diligence required of any plaintiff would have revealed the existence (or lack thereof) of cases that support Ms. New's *Monell* claim. Ms. New bears the same burden in alleging her *Monell* claim as does *any* plaintiff in bringing *any* claim—to allege facts, consistent with her good faith belief in their veracity, sufficient to state a cause of action. The time to discover those facts is before filing a complaint, as required by the Civil Rules. Ms. New should be held to that burden and the Motion to Defer should be denied.

### IV.  Conclusion.

There is no basis to grant Ms. New the extraordinary relief she seeks—the ability to engage in discovery to try to buttress her conclusory and insufficient allegations. The Court should deny the Motion to Defer and order Ms. New to promptly respond to the City's Motion to Dismiss, either with a Memorandum in Opposition or an Amended Complaint.

Respectfully submitted,

**CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY**

*/s/ Lee Ann Rabe*
Lee Ann Rabe (0077170) – Trial Attorney
David Dirisamer (0092125)
Dexter W. Dorsey (0097657)
Assistant City Attorneys
77 N. Front Street, 4th Floor
Columbus, Ohio 43215
Phone: (614) 645-7385
Fax: (614) 645-6949
larabe@columbus.gov
djdirisamer@columbus.gov
dwdorsey@columbus.gov
*Counsel for Defendant City of Columbus*

8

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on August 6, 2024, I electronically filed the foregoing with the Court using the Court's CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF system.

                                          */s/ Lee Ann Rabe*
                                          Lee Ann Rabe (0077170)