UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOELLE NEW, *administrator of the estate of Jamie Overstreet*

    Plaintiff,

  v.

THE CITY OF COLUMBUS, *et al.*,

    Defendants.

:

:

:

Case No. 2:24-cv-2253
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on non-party Ohio Bureau of Criminal Investigation's ("BCI") Objections to the Magistrate Judge's December 12, 2024, Order denying its Motion to Quash (ECF No. 46). The Objections are fully briefed and ripe for review.

For the reasons below, BCI's Objections are **OVERRULED**.

### I.    BACKGROUND

This case arises from the killing of Jamie Overstreet in 2023. (Order, ECF No. 46.) Mr. Overstreet was shot and killed by two unidentified Columbus police officers. (*Id.*) Mr. Overstreet's ex-wife, Joelle New, brought this action for violations of 42 U.S.C. § 1983 and various state laws. (Compl., ECF No. 1.) She subpoenaed BCI to produce unredacted documents that include the names and addresses of the two officers so that she may properly serve them as parties.

BCI moved to quash the subpoena. The Magistrate Judge issued an Order denying the Motion to Quash. BCI objects to that Order.

## II.     LEGAL STANDARD

When a party objects to a magistrate judge's ruling on a non-dispositive motion, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to factual findings and the "contrary to law" standard applies to legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (Kinneary, J.) (citations omitted). A factual finding is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been made. *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A legal conclusion is "contrary to law" when the magistrate judge has "misinterpreted or misapplied applicable law." *Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (Holschuh, J.) (citations omitted).

BCI challenges the Magistrate Judge's Order as contrary to law.

## III.    ANALYSIS

Federal Rule of Civil Procedure 45(d)(3)(A)(iii) instructs courts to quash or modify subpoenas that require the disclosure of "privileged or other protected matter."

BCI objects to the Magistrate Judge's Order as contrary to law because it requires BCI to disclose information in violation of Rule 45. BCI asserts that

2

because Ohio law protects the officers' names from disclosure, a federal court should consider the names "other protected matter" and should quash the subpoena.

First, BCI argues that the Confidential Law Enforcement Investigatory Records exception, O.R.C. § 149.43(A)(2) ("CLEIRS") conditionally protects the officers' names from disclosure by requiring a court to weigh the private individual's need for the information against the public's interest in confidentiality before deciding on a motion to quash. BCI relies on the Ohio Supreme Court case *Henneman v. City of Toledo*, 35 Ohio St.3d 241 (1988) to argue that the Magistrate Judge's Order was contrary to law.

Next, BCI argues that Marsy's Law, a constitutional amendment designed to protect the interests of non-party victims while they navigate the criminal and juvenile justice systems, protects the officers' names from disclosure except to a public office or public official. *See* Ohio Const. Art.I §10(a) codified at O.R.C Chapter 2930.

**A. The officers' names are not protected from disclosure by CLEIRS.**

The case BCI relies on, *Henneman*, makes two findings: (1) CLEIRS does not protect law enforcement records from being disclosed in response to a proper subpoena issued during civil litigation; and (2) when executive privilege is asserted, the court must weigh the private individual's need for the information against the public's interest in keeping the information confidential. 35 Ohio St.3d at 243–45.

*Henneman* and the Magistrate Judge's Order agree: CLEIRS does not protect the officer's names from disclosure in response to Ms. New's subpoena. BCI does not

3

assert executive privilege in this case. The Magistrate Judge's Order was not contrary to law.

### B. The officers' names are not protected from disclosure under Marsy's law.

Marsy's law likewise does not protect the officer's names from disclosure in response to Ms. New's subpoena. BCI makes three arguments, all of which fail.

First, BCI argues that the Court should find that the officers are victims under Marsy's Law. The Ohio Supreme Court has yet to find that officers who are harmed while responding to a crime are themselves "victims" under the Ohio law. BCI fails to convince the Court that it should make such a finding ahead of the Ohio Supreme Court.

Second, assuming that the officers are victims under Marsy's law, BCI argues that O.R.C. § 2930.07(C), which protects victims' names from "public disclosure," shields the officers' names from being disclosed in response to a valid subpoena. BCI says that "public disclosure" in the statute means disclosure to any person that is not a public office or public official. It cites nothing to support this interpretation and the Court declines to adopt it.

Third, BCI argues that Marsy's law "is not limited to the instructions in [O.R.C. § 2930.07(C)]" and is "emphatically relevant to discovery requests" without further elaboration. (Obj., ECF No. 48.) While Marsy's Law permits courts to quash subpoenas that request victim's personal information when the subpoena is issued

4

by a criminal defendant in the context of defending his or her criminal case, *see* O.R.C. 2930.071(A), that standard does not apply here.[1]

O.R.C. § 2930.07(C) addresses the release of crime victim information to the public and does not protect the officers' names from disclosure in response to a proper subpoena issued during civil litigation.

## IV. CONCLUSION

The Magistrate Judge's Order was not contrary to law. BCI's objections are **OVERRULED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] This section of the Ohio Revised Code has been repealed, effective March 20, 2025.

5