# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| **JOELLE NEW, ADMINISTRATOR OF THE ESTATE OF JAMIE OVERSTREET** c/o Isaac Monah Law 2000 Auburn Drive, Ste. 200 Beachwood, OH 44122 | ) ) ) ) ) ) ) | CASE NO: 2:24-cv-2253 Chief District Judge Sarah D. Morrison Magistrate Judge Kimberly A. Jolson |
| Plaintiff | ) ) | |
| vs. | ) ) ) ) | **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **LUKE STICKLE** c/o of the Chief of Police, Elaine Bryant 120 Marconi Blvd. Columbus, OH 43215 | ) ) ) ) ) ) ) ) | |
| Defendant | ) ) ) ) ) ) ) ) ) ) ) ) | |

Joelle New, as Administrator of the Estate of Jamie Overstreet, by and through Attorneys Isaac Tom Monah, and Terry H. Gilbert, and for her complaint states as follows:

## INTRODUCTION

1. This is a civil rights action. On August 23, 2023, Columbus police officer Luke Stickle (Defendant Stickle"), unjustifiably shot and killed Jamie Overstreet ("Mr. Overstreet") in Columbus, Ohio.

1

2.      As a result of this unnecessary shooting which caused the death of Jamie Overstreet, Overstreet's children have been left fatherless.

3.      This is also a wrongful death action on behalf of the Estate of Jamie Overstreet. This action seeks liability for the reckless, excessive and unnecessary use of deadly force that violated Jamie Overstreet's Federal civil rights under the U.S. Constitution as well as violations the Ohio Constitution as well as Ohio common law which proximately caused his tragic and needless death.

### JURISDICTION & VENUE

4.      The Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 *et seq.*; the Judicial Code, §§ 1331 and 1343(a); and the Constitution of the United States, and supplemental jurisdiction of the State of Ohio regarding the state law claims herein.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b). The parties reside, or, at the time the events took place, resided in this judicial district, and the events giving rise to Plaintiff's claims also occurred in this judicial district.

### PARTIES

6.      Plaintiff Joelle New was appointed administrator of the Estate of Jamie Overstreet, deceased, by the Probate Division of the Common Pleas Court of Franklin County, Ohio, Case No. 630238. Joelle New is a resident of Franklin County, Ohio.

7.      Defendant Officer Luke Stickle was, at all times relevant to the allegations in this Complaint, a duly appointed police officer employed by the City of Columbus, acting within the scope of his employment and under the color of law, and in his individual capacity.

### FACTS

8.      Jamie Overstreet was a 36-year-old African American man and a father.

9. On August 23, 2023, at approximately 9:00 P.M., Worthington Police received a call notifying them that Mr. Overstreet was in violation of a protection order, a misdemeanor.

10. Worthington Police notified Columbus Police to be on the lookout for Mr. Overstreet as they had reason to believe he was going to try to go to the home of J. N., his estranged wife.

11. Officers of the Columbus Police Department arrived in the 1100 block of Rendezvous Lane where they encountered Mr. Overstreet attempting to leave the area in his vehicle.

12. The police unsuccessfully attempted to pull over his vehicle and decided to pursue him.

13. After a brief vehicular pursuit, Columbus Police were ordered to cease the pursuit. Soon thereafter, a police helicopter spotted and followed Mr. Overstreet's vehicle from the air. Columbus Police then resumed the pursuit.

14. Soon thereafter, Mr. Overstreet crashed his vehicle near Parsons Avenue and Corr Road, but Mr. Overstreet continued by foot, followed by Columbus Police officers who were close behind.

15. The Body Camera footage shows Columbus Police officers following Mr. Overstreet on foot at the Marion Square Apartments, where they encounter him as he continued his attempt to get away from the officers.[1]

---

[1] Available body camera footage can be seen at this link, showing Mr. Overstreet running away as he is repeatedly shot in the back by Columbus Police Officer Luke Stickle:
https://www.dispatch.com/videos/news/crime/2023/08/25/body-cam-footage-video-shows-fatal-police-shooting-south-side/8374739001/

16.     In the video, officer Andrew Durr separates from Defendant Stickle (the officer whose body camera is recording) to pursue Mr. Overstreet down a path between the apartment buildings. At this point, it was dark in a populated residential area.

17.     As this happens, Defendant Stickle placed himself beside a parked vehicle parallel to the path Mr. Overstreet began to go down.

18.     The officers commanded Mr. Overstreet to "stop" and "freeze."

19.     Mr. Overstreet is seen jogging away from the officers with his back completely turned to them.



20.     At this time, Defendant Stickle yells "gun!"

21.     The officers did not verbally command Mr. Overstreet to drop the gun or otherwise warn him to drop the gun or face potential deadly force.

22.     Barely one second passes before Defendant Stickle, still located beside the parked vehicle approximately 30 feet behind Mr. Overstreet, fires his gun at him at least five (5) times, all whilst Mr. Overstreet continues to jog away, with his back completely turned to Defendant Stickle.

23.     Mr. Overstreet, without giving any attention to the officers, can be seen continuing to jog away from the officers as Defendant Stickle fired shots toward him.  No other officers who

4

followed Mr. Overstreet from the same or similar vantage point perceived any imminent threat to use deadly force.



24.     Mr. Overstreet was shot directly in his upper-right back, meaning that he was heading away from the officers. Only one officer, Defendant Stickle, fired his weapon.

25.     The bullet that entered through Mr. Overstreet's upper-right back caused him to fall on the ground. Officers then attempted first aid, while waiting for an ambulance.

26.     Defendant Stickle's body camera captured the video of the shooting of Mr. Overstreet which did not show any attempt by Mr. Overstreet to brandish, point a gun or threaten the officers in any way.

27.     Mr. Overstreet, as shown in the video, did not pose a threat of death or great bodily harm to the officers, nor did he take any action justifying the immediate use of deadly force against him.

28.     The alleged violation of a protective order, a misdemeanor, nor the mere possession of a firearm, did not lawfully justify the use of deadly force against Mr. Overstreet, nor would an objectively reasonable officer use excessive force under the totality of these circumstances.

5

29.     The unlawful conduct and excessive deadly force proximately caused conscious pain and suffering before Mr. Overstreet succumbed to death and consequently left his children without their father for the remainder of their lives.

30.     Mr. Overstreet's young children are devastated by his loss and have been unable to reconcile with his death, further straining the hardship his family is facing.

31.     As a direct and proximate result of Defendant officer Stickle's unconstitutional and reckless conduct, Jamie Overstreet's life has been unnecessarily cut short.

### FIRST CLAIM FOR RELIEF:
### 42 U.S.C. § 1983 Claim for Unconstitutional Seizure And Excessive Use of Deadly Force

32.     Plaintiff repeats and realleges the allegations contained in the preceding as if they were fully set out here.

33.     The actions of Defendant Stickle, as alleged in the preceding paragraphs, violated Jamie Overstreet's rights under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable seizure, and his right to due process under the Fourteenth Amendment of the United States Constitution, which caused the injuries and death alleged in this Complaint.

34.     Jamie Overstreet was subjected to the use of excessive force in violation of his Fourth Amendment rights.

35.     Defendant Stickle's actions as alleged in this count of the Complaint were the direct and proximate cause of the constitutional violations set forth.

### SECOND CLAIM FOR RELIEF
### State Law Wrongful Death Claim Pursuant to Ohio R.C. § 2125.02

36. Plaintiff repeats and realleges the preceding and foregoing allegations as if fully set forth herein.

37. Defendant officer Stickle willfully, wantonly, recklessly, negligently, intentionally, and maliciously caused the wrongful death of Jamie Overstreet.

38. As a direct and proximate result of Defendant Stickle's actions as alleged in this Complaint, Jamie Overstreet died of the gun shot would inflicted by Defendant Stickle on August 23, 2023, subjecting him to liability pursuant to O.R.C. § 2125.

39. Decedent is survived by his heirs, who are represented by Plaintiff in this action. Decedent's heirs have suffered pecuniary loss, loss of decedent's aide, comfort, society, companionship, guidance, and protection, and have otherwise suffered damages to their detriment.

### THIRD CLAIM FOR RELIEF
### State Law Claim for Survivorship

40. Plaintiff repeats and realleges the preceding and foregoing allegations as if fully set forth herein.

41. As administrator of the Estate of the Decedent, Plaintiff brings this action for the injuries and damages to Jamie Overstreet prior to his death for the benefit of his Estate.

42. As a result of the willful, wanton, reckless, negligent, intentional, and malicious conduct of Defendant officer Stickle, Jamie Overstreet suffered the injuries described in the above paragraphs.

### FOURTH CLAIM FOR RELIEF
### State Law Claim for Negligence Under Ohio Revised Code 2744.03

43. Plaintiff repeats and realleges the above allegations as if fully set forth in herein.

7

44. At all times relevant herein, Defendant officer Stickle acted with a malicious purpose, in bad faith, or in a wanton or reckless manner, pursuant to standards under the Ohio Political Subdivision Tort Act (R.C. 2744.03).

45. Defendant Stickle owed Jamie Overstreet a duty of care, but breached that duty, and proximately causing  Jamie Overstreet's suffering and death.

46. At all times relevant herein, Defendant knew or should have known that his conduct would or could cause serious physical injury to Jamie Overstreet and he disregarded that knowledge.

47. Defendant's conduct directly and proximately caused the injuries and damages suffered by Jamie Overstreet, his Estate, and his beneficiaries as described above.

## FIFTH CLAIM FOR RELIEF
### State Law Claim for Intentional Infliction of Emotional Distress

48. Plaintiff repeats and realleges the above allegations as if fully set forth herein.

49. Defendant Stickle engaged in extreme and outrageous behavior as alleged in this Complaint.

50. Defendant Stickle intended such conduct to inflict severe emotional distress upon Jamie Overstreet and his heirs. Defendant Stickle knew his conduct would cause Jamie Overstreet and his family severe and serious emotional distress, which was of a nature that no reasonable person could be expected to endure.

51. Defendant Stickle's conduct did, in fact, cause such distress, and as a direct and proximate result of his outrageous conduct, Jamie Overstreet and his Estate were injured and suffered actual damages.

## SIXTH CLAIM FOR RELIEF

**State Law Claim for Assault and Battery Against Defendant Luke Stickle**

52.     Plaintiff repeats and realleges the allegations contained in the preceding as if they were fully set out here.

53.     Defendant Stickle intentionally and maliciously applied and/or threatened to apply unnecessary and unlawful force against Mr. Overstreet.

54.     The Defendant Officers did not have the consent or acquiescence of Mr. Overstreet to apply force and without legal justification.

**PRAYER FOR RELIEF:**

Plaintiff demands that judgment be entered in their favor on all counts and prays for the Court to award the following relief:

a.     An award of actual and/or compensatory damages to be determined at trial;

b.     Declaratory and Injunctive Release

c.     An award of punitive damages in an amount to be determined at trial; and

an award of such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.**

9

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing complaint was filed with this Court by the Court's electronic filing system on this 25th day of April 2025.

Respectfully submitted,

MONAH LAW OFFICE INC.

*/s/ Isaac Tom Monah*_____
Isaac Tom Monah (0098789)
2000 Auburn Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 501-9119
Fax: (216) 313-00429784
Email: tom@monahlaw.com.

And

*/s/ Terry H. Gilbert*_____
Terry H. Gilbert (0021948)
Friedman, Gilbert, and Gerhardstein
5 0 Public Square, Ste. 100
Cleveland, OH 44113
*Counsel for Plaintiff*