UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOELLE NEW,
ADMINISTRATOR OF THE
ESTATE OF JAMIE
OVERSTREET,                                         :

        Plaintiff,                          Case No. 2:24-cv-2253
                                                    Chief Judge Sarah D. Morrison
  v.                                                Magistrate Judge Kimberly A.
                                                    Jolson
                                                    :
LUKE STICKLE,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Officer Luke Stickle's Motion to Dismiss. (Mot., ECF No. 67.) Plaintiff responded (Resp., ECF No. 69), and Officer Stickle replied (Reply, ECF No. 71). For the reasons below, the Motion is **GRANTED**.

## I.    BACKGROUND

On the evening of August 23, 2023, the Worthington Police Department received a call that Jamie Overstreet was in violation of a protection order issued against him by his estranged wife. (Am. Compl. ¶¶ 9–10, ECF No. 63.) Worthington Police passed the information along to the Columbus Police Department. (*Id*. ¶ 10.) Officers arrived in the area and located Mr. Overstreet leaving in his vehicle. (*Id.* ¶ 11.) After refusing to stop his vehicle, a brief pursuit ensued before it was called off. (*Id.* ¶¶ 12–13.) A short time later, a police helicopter spotted Mr. Overstreet's

vehicle and officers reengaged in a second pursuit until he crashed and fled on foot. (*Id.* ¶¶ 13–14.)

Officer Andrew Durr followed Mr. Overstreet down a path between buildings in the Marion Square Apartment complex and Officer Luke Stickle positioned himself by a parked car situated parallel to the path. (*Id.* ¶¶ 15–17.) The officers ordered Mr. Overstreet to "stop" and "freeze," but he ignored their commands and kept running. (*Id.* ¶¶ 18–19.) As Mr. Overstreet ran past the parked car, Officer Stickle yelled "gun" before shooting at least five times. (*Id.* ¶¶ 19–22.) Officer Stickle was the only officer who fired his weapon. (*Id.* ¶ 24.) Mr. Overstreet was shot in his upper-right back and later died from his injuries. (*Id.* ¶¶ 24, 29.)

Ms. New, the administrator of Mr. Overstreet's estate, asserts six claims against Officer Stickle: a § 1983 claim for unconstitutional seizure and excessive use of deadly force, and state-law claims for wrongful death, survivorship, negligence, intentional infliction of emotional distress (IIED), and assault and battery. Officer Stickle now moves to dismiss the negligence and IIED claims.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

2

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly,* 550 U.S. at 555.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In reviewing a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff[.]" *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Additionally, in reviewing such a motion a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. ANALYSIS

#### A. Count IV: Negligence

Officer Stickle argues that Ms. New has failed to state a claim for negligence because the Complaint alleges only intentional conduct, which cannot give rise to a negligence claim. (Mot., PAGEID# 308–10.)

3

"By definition, negligent acts are not intentional." *Guyan Int'l, Inc. v. Pro. Benefits Adm'rs, Inc.*, No. 5:10-cv-823, 2013 WL 1338194, at *23 (N.D. Ohio Mar. 29, 2013) (quoting *Blanton v. Alley*, No. 02CA685, 2003 WL 2152546, at *5 (Ohio Ct. App. Mar. 18, 2003)). The inverse is also true: intentional acts are not negligent. Thus, intentional conduct cannot give rise to a negligence claim. *May v. McGrath*, No. 2:11-cv-0839, 2013 WL 1401371, at *9 (S.D. Ohio Apr. 5, 2013) (Deavers, M.J.) ("[C]onduct that could give rise to an assault and battery claim cannot serve as the basis of a negligence claim." (citing *Robinson v. Brown*, No. 88-77-052, 1989 WL 13584, at *2 (Ohio Ct. App. Feb. 21, 1989))).

Ms. New's negligence claim relies solely on intentional conduct. For example, Officer Stickle pursued Mr. Overstreet on foot, stationed himself by a parked car nearby, ordered Mr. Overstreet to "stop" and "freeze," yelled "gun," and fired his weapon (without warning) at Mr. Overstreet at least five times. (Am. Compl. ¶¶ 15–22.) Ms. New relies on the same intentional conduct in her Response, arguing that Officer Stickle breached his duty of care "when he shot at Jamie Overstreet while Jamie Overstreet was jogging away from him[.]" (Resp., PAGEID# 320.) As such, her claim is one for assault and battery—not negligence. *See, e.g.*, *Bowen v. Sidney Police Dep't*, No. 3:23-cv-375, 2024 WL 1003632, at *6 (S.D. Ohio Mar. 8, 2024) (Litkovitz, M.J.); *see Love v. City of Port Clinton*, 524 N.E. 2d 166, 167 (Ohio 1988) ("A person is subject to liability for battery when he acts intending to cause a harmful or offensive contact, and when a harmful contact results.").

Accordingly, the Motion is **GRANTED** as to Count IV.

4

B.     **Count V: Intentional Infliction of Emotional Distress**

Ms. New abandoned her IIED claim in response to Officer Stickle's Motion. (Resp., PAGEID# 316.) The Motion is therefore **GRANTED** as to Count V.

IV.    **CONCLUSION**

For the above reasons, Officer Stickle's Motion to Dismiss (ECF No. 67) is **GRANTED**. Counts IV and V of Ms. New's Complaint are **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**